No.

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**IN RE KENNETH EUGENE BARRETT,**
**Movant.**

**MOTION FOR PRE-FILING AUTHORITY UNDER 28 U.S.C. 2255(h)(1)**

**DAVID B. AUTRY**, OBA No.11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: (405) 521-9600


**HEATHER E. WILLIAMS**, CA Bar No. 122664
Federal Defender
Eastern District of California
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814EEI
Telephone: (916) 498-5700
Joan_Fisher@fd.org
Attorneys for Petitioner,
KENNETH EUGENE BARRETT

**TABLE OF CONTENTS**

I.    MOTION ............................................................................................... 1

II.   GROUNDS FOR THE MOTION ........................................................... 1

   A.   RELIEF REQUESTED................................................................. 4

III.  PROCEDURAL HISTORY....................... **Error! Bookmark not defined.**

   A.   COURSE OF PROCEEDINGS ................................................. 4

   B.   RELEVANT FACTUAL BACKGROUND.......................... 17

IV.  LEGAL STANDARDS....................................................................... 23

   A.   Mr. Barrett can make a sufficient showing of possible merit to warrant fuller exploration by the district court............................................ 23

      1.   The Evidence as a Whole................................................ 25

# TABLE OF AUTHORITIES

**Federal Cases**

*Bell v. United States*, 296 F.3d 127 (2d Cir. 2002) ............................................... 24

*Bennett v. United States*, 119 F.3d 468 (7th Cir. 1997) ....................................... 24

*Brady v. Maryland*, 373 U.S. 83 (1963) ............................................................... 21

*Franks v. Delaware*, 438 U.S. 154 (1978) ............................................... 7, 9, 12, 14

*Hooks v. Workman*, 689 F.3d 1148 (10th Cir. 2012) ........................................... 15

*In re Williams*, 330 F.3d 277 (4th Cir. 2003) ................................................. 24, 25

*Napue v. Illinois*, 360 U.S. 264 (1959) ........................................................... 21, 22

*Preston v. Ferrer*, 552 U.S. 346 (Mar. 17, 2008) ................................................... 6

*Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001) ........................... 24

*Rodriguez v. Superintendent, Bay State Corr. Ctr.*, 139 F.3d 270 (1st Cir. 1998)  24

*Sanders v. United States*, 373 U.S. 1 (1963) ........................................................ 26

*Thompson v. Calderon*, 151 F.3d 918 (9th Cir. 1998) (en banc) ......................... 24

*United States v. Barrett*, 496 U.S. 1079 (2007) ................................................. 5, 6

*United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007) ................................... 20

*United States v. Barrett*, 797 F.3d 1207 (10th Cir. 2015) ............................. 16, 20

*United States v. MacDonald*, 641 F.3d 596 (4th Cir. 2011) ............................... 23

*United States v. Williams*, 790 F.3d 1059 (10th Cir. 2015) ............................... 23

**Federal Statutes**

18 U.S.C. § 924(c)(1)(A) ...................................................................................... 1, 4

18 U.S.C. § 924(c)(1)(j) ........................................................................................ 1, 4

18 U.S.C. § 2255 ............................................................................................... 13, 14

18 U.S.C. § 3005 ................................................................................................... 7, 9

18 U.S.C. § 3006A ................................................................................................. 7, 9

21 U.S.C. § 848 ......................................................................................................... 4

21 U.S.C. § 848(e)(1)(B) ...................................................................................... 1, 4

21 U.S.C. § 2255 ....................................................................................................... 6

28 U.S.C. § 924(c)(1)(A) .......................................................................................... 4

28 U.S.C. § 924(c)(1)(J) ........................................................................................... 4

28 U.S.C. § 2244(b)(3) ........................................................ 4

28 U.S.C. § 2244(b)(3)(C) ............................................. 23, 27

28 U.S.C. § 2255 ........................................................ *passim*

28 U.S.C. § 2255(h) ............................................................ 27

28 U.S.C. § 2255(h)(1) .............................................. 1, 23, 24, 25, 27

28 U.S.C. § 2255(h)(2) .......................................... 4, 23, 25

## Other

Eighth Amendments to the United States Constitution ....................................... 10

Fourteenth Amendments to the United States Constitution ................................. 9

U.S. Const. amend. VI ..................................................... 7

## I. MOTION

Movant, KENNETH EUGENE BARRETT, through undersigned counsel, David B. Autry of Oklahoma City, Oklahoma and Joan M. Fisher, Assistant Federal Public Defender for the Eastern District of California, respectfully requests that this Court, pursuant to 28 U.S.C. § 2244(b)(3), authorize him to file a successive motion under 28 U.S.C. § 2255(h)(1). Mr. Barrett makes this request so that he may immediately assert a challenge to his convictions on two counts of felony murder under 18 U.S.C. § 924(c)(1)(A),(j) and one count of intentionally killing a state law-enforcement officer under 21 U.S.C. § 848(e)(1)(B).

Specifically, Mr. Barrett seeks to challenge his convictions because he has "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. §2255(h)(1).

## II. GROUNDS FOR THE MOTION

The Due Process Clause of the Fifth Amendment Mr. Barrett seeks to file a second Section 2255 Motion to Vacate Raising a Single Claim, namely, that the continuous, pervasive egregious prosecutorial and police misconduct in this case including altering, fabricating and destroying evidence, misrepresentation of the facts by omission and commission through lying, perjury, suborning perjury,

1

planting evidence, witness intimidation and presentation of and reliance on junk science is a violation of due process as held by the United States Supreme Court in *Napue v. Illinois*, 360 U.S. 264 (1959); *Giglio v. United States*, 405 U.S. 150 (1972) and *Mooney v. Holohan,* 294 U.S. 103, 112 (1935).

Mr. Barrett has made a prima facie showing of newly discovered evidence under 28 U.S.C. § 2255(h)(1) in his attached Defendant/Movant's Section 2255 Motion to Vacate. *See Case v. Hatch*, 731 F.3d 1015, 1028-29 (10th Cir. 2013) (prima facie showing constitutes a simple showing of possible merit to warrant fuller exploration by district court). Such newly discovered evidence includes *inter alia* a May 11, 2015 declaration of critical witness and confidential informant Charles Monk Sanders, recanting his materially false trial testimony; evidence affecting the credibility of Sanders and witness Clint Johnson that was previously non-disclosed; and evidence of prosecutor Michael Littlefield's subornation of perjury from multiple witnesses and his presentation of materially false testimony that was used to secure Mr. Barrett's convictions and death verdict. *Napue v. Illinois*, *supra; Giglio v. United States*, *supra*.

Mr. Barrett has newly discovered evidence that shows, among other things, that the evidence submitted against him was perjurious and known to be so by the government; that much of the evidence given by the government's witnesses was not true or given in a manner to hide the truth of Trooper Eales' tragic death; that the evidence that Mr. Barrett shot Trooper Eales is forensically flawed; and, that the

2

law enforcement officers at Mr. Barrett's home in the deadly confrontation were there illegally attempting to execute a constitutionally illegal warrant without good faith.

New and additional evidence also shows that the arrest warrant was not issued or executed in compliance of the law. Without valid warrants, the trooper killed was not in the lawful discharge of his duties. Newly discovered evidence also shows that the government suborned perjury of at least two witnesses, that the Assistant United States Attorney threatened and bullied and intimidated witnesses the purported confidential informant whose information was cited as support for the affidavit upon which the search warrant was issued and the Drug Task Force Agent who served as the affiant on that warrant committed perjury in the affidavit and at trial. Newly discovered evidence shows that the government witnesses significantly changed their testimony from state court to federal court.

The totality of the circumstances giving rise to the convictions and sentences of Mr. Barrett for a drug-related murder make clear that the government has engaged in a continuous constitutionally intolerable manner including the deliberate and intentional alteration, destruction and fabrication of evidence, intimidation of witnesses, subornation or toleration of perjury and knowingly relied upon junk science rather that fully process, investigate and make available to the

3

defense the physical evidence that properly examined would show that Mr. Barrett did not intentionally kill Trooper Eales. Similarly there exists newly discovered evidence that Mr. Barrett was not engaged in drug trafficking at or near the time of the event and newly discovered evidence exists to support a finding that drug evidence seized at the time of Mr. Barrett's arrest may have been planted.

The newly discovered evidence, together with the record evidence of three trials in which the state and federal government effectively conspired to secure a sentence of death against Mr. Barrett by engaging in the acts described above, withheld exculpatory evidence, lied throughout and so undermined the integrity of the proceedings to such a degree that no rational juror knowing what transpired would have found Mr. Barrett guilty.

## A. RELIEF REQUESTED

As explained below, Mr. Barrett can make a prima facie showing that he ought to be permitted to file the proposed § 2255 Motion to Vacate as permitted by 28 U.S.C. § 2244(b)(3) and § 2255(h)(1), and this Court should allow the district court to consider the merits of his application.

## A. COURSE OF PROCEEDINGS

1. Mr. Barrett, Prisoner No. 04342-063, is currently confined on death row at the maximum security institution, United States Penitentiary in Terre Haute, Indiana and has been so held following his convictions and sentences in December 2005.

2.  Following a plea of not guilty, Mr. Barrett was convicted by a jury of  "Use and carry a Firearm During and in Relation to Drug Trafficking Crimes and Possess a Firearm in Furtherance of Such Drug Trafficking Offenses Resulting in Death in violation of 18 U.S.C. § 924(c)(1)(A) and (j);  Use and Carry a Firearm During and Relation to a Crime of Violence and Possess a Firearm in Furtherance of Such Crime of Violence in violation of 28 U.S.C. § 924(c)(1)(A) and (J) and one count of Intentionally Killing, During the Commission of a Drug Trafficking Crime, a State Law Enforcement Officer, Engaged in the Performance of His Official Duties in violation of 21 U.S.C. §848(e)(1)(B).  He was sentenced by the same jury to Life without possibility of release on the 924 (c), (j) convictions and to Death on the § 848 conviction.

3.  A Judgement and Sentence was entered in the United States District Court of the Eastern District of Oklahoma, Case No. CR-04-00115-001-P, Hon. James H. Payne, presiding.

4.  Mr. Barrett timely appealed his convictions to this Court, the United States Court of Appeals for the Tenth Circuit.  The grounds raised on appeal were:

Proposition I: The Trial Court Erred In Denying The Motion To Suppress The Drug Search Warrant;

Proposition II: The Indictment Was Insufficient, Improperly Charged Multiple Crimes And Improperly Joined Offenses;

Proposition III: Improper Victim Impact Evidence Denied Mr. Barrett Of His Constitutional Rights Under The 5th And 8th Amendments;

Proposition IV: Juror Misconduct Violated Rights Guaranteed Under The 5th, 6th, And 8th Amendments;

5

<u>Proposition V</u>: The District Court Committed Prejudicial Error In Permitting The Government To Exercise A Peremptory Challenge Based Upon The Race Of The Juror;

<u>Proposition VI</u>: The District Court Erred By Failing To Declare The Federal Death Penalty Act Unconstitutional;

<u>Proposition VII</u>: Inclusion Of The "Intent To Kill" Eligibility Factor In Weighing The Aggravators Against The Mitigation In Second Stage Resulted In An Improper Weighing Scheme, Violating The Fifth, Sixth And Eighth Amendments.

5. On July 25, 2007, after briefing and argument, Mr. Barrett's convictions and sentences were affirmed. *United States v. Barrett,* 496 U.S. 1079 (10th Cir. 2007).

6. On October 12, 2007, Mr. Barrett filed a petition for certiorari in the United States Supreme Court which was denied on March 17, 2008. S.Ct. No. 07-7066.

The Questions Presented were:

> 1. Did inclusion of the "intent to kill" eligibility factor in weighing the aggravating factors against the mitigating factors in second state, pursuant to the statute which required aggravating factors to substantially outweigh the mitigating factors result in an improper weighing scheme, violating the Fifth, Sixth and Eighth Amendments.
>
> 2. Did the trial court commit reversible error in denying the motion to suppress the drug search warrant?
>
> 3. Was Victim Impact Evidence so unduly prejudicial as to deny petition of his constitutional rights under the 5th and 8th Amendments?

*Id.,* Petition for Certiorari, at *(i).* The petition was denied. *Barrett v. United States,* 552 U.S. 359 (March 17, 2008).

7. On March 16, 2009, Mr. Barrett timely filed his first and only Motion to Vacate, set aside or correct sentence under 28 U.S.C. § 2255 ["§ 2255 Motion"] in the United States

6

District Court of the Eastern District of Oklahoma, Hon. James H. Payne, presiding.

United States v. Kenneth Eugene Barrett, Case No. 04-CR-00115, Doc 403 and filed under

Eastern District of Oklahoma Case No. 09-cv-00105, Doc 1, Hon. James H. Payne,

presiding.

8. The § 2255 Motion was corrected (Doc 2), later amended (Doc 70) and finally

submitted on the pro se form no. AO 243, pursuant to Court Order, raising the following

grounds:

Claim 1.    Actions of the Trial Court Violated Mr. Barrett's Right to Due Process, his
            Sixth Amendment Right to Counsel and to Cross-examine Witnesses, and his
            Right to Equal Protection of the Laws, and Federal Statutes and Guidelines
            for the Appointment and Compensation of Counsel; the Failure of Counsel to
            Raise this Issue on Appeal Violated Mr. Barrett's Right to Effective
            Assistance of Appellate Counsel;

Claim 2.    Mr. Barrett was Denied Effective Assistance of Counsel as Guaranteed by 18
            U.S.C. §§ 3005 & 3006A and the Sixth Amendment to the United States
            Constitution;

            A.     Unreasonable Acts and Omissions Affecting the First and Second
                   Stages of Trial, including:

                   1.     Failure to professionally re-urge the motion to suppress under
                          *Franks v. Delaware,* 438 U.S. 154 (1978);

                   2.     Trial counsel unreasonably failed to investigate and introduce
                          evidence of eyewitnesses as well as mental impairment and
                          illness that would have rebutted the prosecution's theory of the
                          case, supported the defense theory, and formed the basis for
                          conviction of a lesser offense;

                   3.     Due to the unreasonable failure of Mr. Barrett's trial counsel to
                          retain expert assistance, Mr. Barrett was tried while
                          incompetent;

7

4. But for trial counsel's unreasonable omissions it is reasonably probable that the jury would have rejected the testimony of the Government's eleventh hour "snitch" witnesses (namely: Travis Crawford; Cindy Crawford; Charles "Monk" Sanders; Randy Weaver; Brandie Zane Price; Karen Real; and, Randy Turman) and, like the two juries before them, refused to convict Mr. Barrett of premeditated murder;

5. Trial counsel were ineffective in failing to make appropriate and timely objections to improper hearsay evidence of other bad acts;

6. Due to trial counsel's unreasonable failure to engage the services of an independent crime scene reconstruction expert, the jury considered and relied upon unscientific, unreliable evidence;

7. The outcome of the trial is unreliable due to trial counsel's unreasonable failure to present an independent expert to demonstrate that the raid on Mr. Barrett's house was rife with tactical errors and poor planning, and that these failures in the "rules of engagement" contributed to Trooper Eales's death;

8. Mr. Barrett's trial counsel unreasonably failed to impeach law enforcement witnesses with prior inconsistent statements from the state trials;

9. Trial counsel unreasonably failed to introduce readily available evidence, including the testimony of Toby Barrett and Alvin Hahn, that would have impeached the Government's claim that aside from Trooper Hamilton's vehicle, the other police vehicles that entered Mr. Barrett's property had emergency lights on. This evidence would have raised significant doubts about the Government's claim that Mr. Barrett "knew" he was firing on police officers;

10. Trial counsel unreasonably failed to investigate, develop and introduce evidence of Mr. Barrett's lack of notice or knowledge of the Bench Warrant issued for failure to appear for a jury trial and his cooperation with the police, that, contrary to the Government's argument, Mr. Barrett was unaware he was subject to an active felony arrest warrant at the time of the

8

shooting incident, was not "hiding out" on his property in anticipation of a police raid, and was not prepared to meet any police presence with violence;

11. Trial counsel unreasonably failed to contest the admission of lengthy "expert" testimony which served no legitimate purpose, but merely excused the inaccuracies and inconsistencies of the fact witnesses' testimony. Counsel also unreasonably failed to seek an adequate remedy for this improper testimony;

12. The verdicts reached at both stages of trial are unreliable due to trial counsel's unreasonable failure to seek appropriate instructions;

13. The outcomes of the trial and appeal are unreliable due to trial counsel's unreasonable failure to preserve a record of error, resulting in numerous meritorious claims on direct appeal being evaluated under the onerous plain error standard;

14. Trial counsel unreasonably failed to object to numerous instances of prosecutorial misconduct in closing argument in the penalty phase of trial;

B. At sentencing, trial counsel's unreasonable failure to interview witnesses, gather documentary evidence, consult with experts, counter the Government's case, and argue for a sentences less than death, including Mr. Barrett's history of mental illness, and brain damage, and severe paranoia;

Claim 3. Mr. Barrett was Denied his Rights to Due Process and Equal Protection of the Laws, and his Right to Transcripts, Expert and Investigative Assistance under 18 U.S.C. §§ 3005 & 3006A;

Claim 4. Mr. Barrett's Rights Under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution Were Violated by the Use of False Information in Obtaining the No-Knock Warrant for his Arrest. The No-knock, Nighttime Search Warrant Obtained by Clint Johnson Was Invalid under *Franks v. Delaware,* 438 U.S. 154 (1978). Appellate Counsel Were Ineffective for Failing to Raise the Issue on Direct Appeal;

Claim 5. Mr. Barrett was Denied his Fifth Amendment Right to Due Process, his Sixth Amendment Rights to Counsel and Confrontation, and his Eighth

Amendment Right to a Fair and Reliable Capital Sentencing Process Due to the Government's Suppression of Exculpatory Evidence, Knowing use of Perjured Testimony, and Failures to Correct False Testimony; Mr. Barrett is Entitled to Relief from his Convictions and Sentences Based on Newly Discovered Evidence;

A.    Suppressed Exculpatory Evidence, Evidence of Knowing use of Perjured Testimony, and Newly Discovered Evidence:

    1.  Evidence regarding informant witnesses Charles "Monk" Sanders, Travis Crawford, Cindy Crawford, Brandie Zane Price, Karen Real and Randy Turman entitles Mr. Barrett to relief from his convictions and sentences;

    2.  The Government failed to reveal exculpatory evidence of a witness who failed to corroborate Charles Sanders (Janesse Thomas)

B.    The Judgements of Conviction and Sentence Should be Vacated Based on the Suppression and New Discovery of Evidence Undermining the Credibility of Key Law Enforcement Personnel regarding evidence of Clint Johnson's illicit activities; David Michael Littlefield's illicit activities and Sheriff John Philpot.

C.    Mr. Barrett is Entitled to a New Trial Due to the Prosecution's Interference with Defense Counsel's Investigation of Key Witnesses;

D.    Mr. Barrett is Entitled to a New Trial Due to the Prosecution's Improper Questioning of Witnesses;

Claim 6.    Mr. Barrett's Rights Under the Fifth, Sixth, and Eighth Amendments to the United States Constitution were Violated Due to the Court's Restrictions on the Use of his Statements;

Claim 7.    Mr. Barrett's Rights under the Fifth, Sixth, and Eighth Amendments were Violated when the Trial Court Permitted the Marshals to Restrain him Without Justification;

Claim 8.    Mr. Barrett was Tried while Incompetent in Violation of the Fifth, Sixth, and Eighth Amendments to the United States Constitution;

Claim 9.    Mr. Barrett's Rights under the Fifth, Sixth, and Eighth Amendments to the United States Constitution were Violated When the Trial Court Failed to Instruct on a Lesser Included Homicide Offense. Direct Appeal Counsel Were Ineffective for Failing to Raise this Issue;

Claim 10.    Mr. Barrett's Rights under the Fifth, Sixth, and Eighth Amendments to the United States Constitution were Violated Due to the Trial Court's Refusal to Instruct the Jury that they Could Consider Residual Doubts as a Mitigating Factor;

Claim 11.    Mr. Barrett's Fifth, Sixth and Eighth Amendment Rights Were Violated When the Trial Court Excused for Cause a Juror Who, While Personally Opposed to the Death Penalty, Could Nonetheless Consider it as a Punishment Option. Appellate Counsel Were Ineffective for Failing to Raise this Issue on Direct Appeal;

Claim 12.    The Trial Court's Instructions to the Jury Violated Mr. Barrett's Rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments because the Jury was Not Required to Find that Death was an Appropriate Punishment Beyond a Reasonable Doubt; Mr. Barrett's Due Process Rights were Violated by Appellate Counsel's Unreasonable Failure to Raise this Issue;

Claim 13.    Mr. Barrett's Rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments were Violated Due to the Effects of Drugs he was Given in Jail, Trial Counsel's Failure to Inquire about the Drugs' Effects, the Trial Court's Removal of Mr. Barrett from the Courtroom in the Presence of the Jury without Cause or Inquiry, and Mr. Barrett's Absence from Critical Stages of the Proceedings without Valid Waiver; To the Extent Appellate Counsel Failed to Raise the Issue on Appeal, Counsel were Ineffective;

Claim 14.    Mr. Barrett Was Denied Due Process of Law, Equal Protection of the Law, the Right to Be Free of Cruel and Unusual Punishment, and Effective Assistance of Counsel Because the Federal Death Penalty, as Administered, Is Disproportionately and Unconstitutionally Applied According to the Race of the Victim, and Trial and Appellate Counsel Made No Objection Based on this Fact;

Claim 15.    Mr. Barrett's Rights Under the Fifth, Sixth, Eighth and Fourteenth Amendments were Violated due to the Government's Failure to Include Necessary Charges in the Indictment; Mr. Barrett's Due Process Rights were Violated by Appellate Counsel's Unreasonable Failure to Raise this Issue on Appeal;

11

Claim 16. Jurors in Mr. Barrett's Trial Engaged in Misconduct in Violation of Mr. Barrett's Rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution;

Claim 17. Due to Mr. Barrett's Chronic and Severe Mental Illness and Organic Brain Impairments, His Execution Would Violate the Eighth Amendment;

Claim 18. The Failure of Counsel to Raise or Effectively Argue on Appeal Claims Which Are of Record Violated Mr. Barrett's Due Process Right to Assistance of Appellate Counsel.

    A. Appellate Counsel's Failure to Raise Specific Issues Constituted Ineffective Assistance of Counsel;

        1. Appellate Counsel Unreasonably Failed to Recognize the Due Process Violations Resulting from the Court's Partiality and Ex Parte Communications with the Government;

        2. Appellate Counsel Unreasonably Failed to Raise in Direct Appeal Issues that Arose under 438 U.S. 154 (1978);

        3. Appellate Counsel Unreasonably Failed to Raise on Appeal the Government's Inappropriate Use of Hearsay Evidence used to Show Propensity or Character;

        4. Appellate Counsel Unreasonably Failed to Raise on Appeal the Jury's Exposure to Phony Expert Jim Horn;

        5. Appellate Counsel Unreasonably Failed to Raise on Appeal the Trial Court's Unconstitutional Restrictions on the Use of Mr. Barrett's Statements;

        6. Appellate Counsel Unreasonably Failed to Raise on Appeal the Unconstitutional Use of a Shock Belt on Mr. Barrett during Trial;

        7. Appellate Counsel Unreasonably Failed to Raise on Appeal the Trial Court's Unconstitutional Denial of a Jury Instruction on Lesser Included Offenses;

        8. Appellate Counsel Unreasonably Failed to Raise on Appeal

the Trial Court's Unconstitutional Refusal to Give an Instruction Permitting Jurors to Weigh Residual Doubts about the Way the Shooting Occurred;

9. Appellate Counsel Unreasonably Failed to Raise on Direct Appeal the Trial Court's Unconstitutional Dismissal of Juror 62;

10. Appellate Counsel Unreasonably Failed to Raise on Appeal the Trial Court's Unconstitutional Failure to Require Proof Beyond a Reasonable Doubt as to the Weighing Factor Necessary to Impose a Death Sentence;

11. Appellate Counsel Unreasonably Failed to Raise on Appeal the Unconstitutional Removal of Mr. Barrett from the Courtroom;

12. Appellate Counsel Unreasonably Failed to Raise on Appeal the Unconstitutional Racial Bias in the Administration of the Federal Death Penalty;

13. Appellate Counsel Unreasonably Failed to Raise on Appeal Unconstitutional Deficiencies in the Indictment;

B. A New Trial is Reasonably Probable Based upon the Cumulative Effect of the Errors Appellate Counsel Unreasonably Failed to Raise;

Claim 19. Mr. Barrett's Conviction and Sentence Must be Vacated Due to the Cumulative Prejudicial Effect of the Errors in this Case;

9. Though requested, Mr. Barrett was granted neither discovery nor an evidentiary hearing on his claims. [1]

---

[1] Under this Court's remand, however, Mr. Barrett is now entitled to an evidentiary hearing on his claim of ineffective assistance of counsel at sentencing. *See United States v. Barrett,* 797F.3d 1207, 1210 (10th Cir.2015).

10. On August 16, 2012, the district court denied Mr. Barrett Section 2255 Motion and denied a Certificate of Appealability ["COA"] on the same. CV-105 Docs 214, 215 (SEALED), 216.

11. On December 26, 2012, Mr. Barrett timely filed his Notice of Appeal. CV-105 Doc 222. In his Docketing Statement, Mr. Barrett gave notice of his appeal of each and every claim denied below. *United States v. Barrett,* 10th Cir. No. 12-7086 Doc No. 01018981365 (Jan. 10, 2013). On March 22, 2013, Mr. Barrett filed his Statement of Issues and moved for a COA from this Court on the following claims:

> 1. Were trial counsel ineffective in both stages of trial?
>
> 2. Did the district court err in denying Mr. Barrett's motion to supplement the amended petition with facts which related back to the pending petition?
>
> 3. Did the government suppress exculpatory evidence and knowingly rely on false evidence to secure convictions and a death sentence?
>
> 4. Did the nighttime, no-knock search warrant for Mr. Barrett's cabin and property violate *Franks v. Delaware,* 438 U.S. 154 (1978), and were trial and appellate counsel ineffective for failing to properly raise this issue?
>
> 5. Did the trial court engage in an improper *ex parte* conference with the prosecutors in violation of due process and the Sixth Amendment, and otherwise improperly interfere with the defense in its funding and appointment policies?
>
> 6. Did the district court wrongly deny an evidentiary hearing?
>
> 7. Did the district court wrongly deny discovery?
>
> 8. Were Petitioner's constitutional rights violated when he was compelled to wear a "stun belt" at trial?

14

9. Were Mr. Barrett's Due Process and Eighth Amendment rights denied when the trial court refusal to instruct on lesser included, residual doubt and the burden of proof in weighing the aggravating and mitigating factors?

10. Did the district court wrongly deny Mr. Barrett's motion that it recuse and disqualify itself in these § 2255 proceedings?

11. Will the Execution of Kenneth Barrett Violate the Eighth Amendment because he is mentally ill?

12. Was appellate counsel ineffective for failing to raise meritorious issues?

13. Does cumulative error invalidate the convictions, or at a minimum, Mr. Barrett's death sentence?

*Id.* Doc No 01019024041 (3/22/2013).

12. Following a Case Management hearing, a COA was issued on the following issues:

a) Whether trial counsel provided ineffective assistance in the guilt phase by failing to investigate and present mental-health evidence;

b) Whether trial counsel provided ineffective assistance in the guilt phase by failing to seek an instruction concerning the credibility of drug-addict witnesses;

c) Whether trial counsel provided ineffective assistance in the guilt phase by failing to seek an instruction on the defense's theory of the case;

d) Whether trial counsel provided ineffective assistance in the guilt phase by failing to present a crime-scene expert;

e) Whether trial counsel provided ineffective assistance in the guilt phase by failing to present an expert as to whether the police tactics employed during the search warrant's execution would have identified the police as law-enforcement personnel;

f) Whether trial counsel provided ineffective assistance in the penalty phase by failing to develop mitigation evidence; and

g) Whether appellate counsel provided ineffective assistance by not raising the trial court's refusal to give a lesser-included-offense instruction.

Because the consideration of multiple instances of ineffective assistance necessarily requires consideration of cumulative prejudice, no COA is necessary on cumulative error in this case. *Hooks v. Workman*, 689 F.3d 1148, 1187-88, 1194 n.24 (10th Cir. 2012).

Case No. 12-7086, Doc no. 01019047087 (May 2, 2013).

13. Pending appeal, Mr. Barrett discovered chilling new evidence-- recantation by the confidential informant in his case, Charles Monk Sanders. Mr. Sanders now admits by sworn declaration that he had not been at Mr. Barrett's home in the days prior to the search warrant's issuance and that he had not told the search warrant affiant, Drug Task Force Agent Clint Johnson that he had been there. He further averred that the Assistant United States Attorney had threatened and intimidated Mr. Sanders, and knowingly suborned perjury in Mr. Barrett's trial. On July 6, 2015, Mr. Barrett filed a Motion to Remand for Further Proceedings on Newly Discovered Evidence of Prosecutorial Misconduct. Doc 01019454880. The Government opposed the motion, Doc 01019462256. This Court denied the Motion to Remand on July 29, 2015. Doc 010119467458.

14. Following briefing and argument, this Court affirmed in part and reversed in part, vacating the death sentence and remanding the same to the district court for an evidentiary hearing "on whether the performance of trial counsel was deficient in not investigating Defendant's background and mental health and whether Defendant suffered prejudice from any deficiency during the penalty phase of his trial." *United States v. Barrett,* 797 F. 3d 1207, 1231 (10th Cir. 2015).

16

15.  In the same opinion, the Court denied Mr. Barrett's Motion for a Certificate of Appealability in Light of *Carter v. Bigelow.  Id.*

16.  Mr. Barrett timely filed a Petition for Certiorari raising two questions:

> 1.     Was trial counsel's failure to request a self-defense instruction ineffective assistance of counsel under the Sixth Amendment under *Strickland v. Washington*?
>
> 2.     Did the failure to raise the denial of a voluntary manslaughter instruction on appeal violate the Due Process Clause of the Fifth Amendment under *Evitts v. Lucey* and the Eighth Amendment prohibition of cruel and unusual punishment under *Beck v. Alabama*?

*Barrett v. United States,* S. Ct. No. 15-8565 (March 14, 2016)

## B.  RELEVANT FACTUAL BACKGROUND.

On September 20, 1999, District 27 Drug Task Force Officer (TFO) Clint Johnson applied for a no-knock, nighttime search warrant to be served on Kenneth Barrett's residence and property.  The application was supported by TFO Johnson's sworn affidavit that on September 18, 1999, six days before the raid on Mr. Barrett's property, the informant contacted TFO Johnson and advised that:

> . . . .within the past seventy-two (72) hours, they were in the [Barrett] residence and observed [Mr. Barrett] present a quantity of a white powder substance and represent it as being "methamphetemine."
>
> The CI went on to state that while in the above described residence they observed Kenny Barrett divide and exchange a portion of the white powder substance for a quantity of money.
>
> * * * *
>
> The CI went on to state that while in the above described residence they overheard Kenny Barrett state "if the cops try to raid me they will regret it because I'm going to kill the first cop through the door."

The government refused to identify the informant until well into the federal proceedings, nearly five (5) years after the execution of the warrant.

On September 24, 1999, with the assistance of the Oklahoma Highway Patrol [OHP] East Tactical Team, TFO Johnson and TFO Frank Lloyd, with other district law enforcement officers, set out to serve and execute the warrant. The OHP Tact Team's responsibility was to secure the premises after which the local Drug Task Force including DEA agents would conduct the search. According to OHP troopers all of the information they had on Mr. Barrett came from Clint Johnson and Frank Lloyd, District 27 DrugTask Force Agents. Newly discovered information in the form of declarations and documents provided by law enforcement and judicial officers now shows that both agents had at that time very bad reputations for truth and veracity in the law enforcement and criminal justice communities and for methods used in dealing with drug informants.

At approximately 12:30 a.m., a caravan of vehicles carrying Clint Johnson, Frank Lloyd and six deputies together with local public officials and other law enforcement personnel met the OHP Tact Team at the intersection of Interstate 40 and Dwight Mission Rd. This location is approximately four (4) miles from Mr. Barrett's shack. The OHP requested that local law enforcement follow two minutes behind them to give OHP time to secure the premises. A total of five OHP vehicles, the first two unmarked, moved ahead to secure Mr. Barrett's premises.

At the time of the raid, Mr. Barrett and his son had just finished working on a car. Mr. Barrett was in his house eating a bowl of cereal. His son Toby was walking toward his

18

grandmother's house when the first OHP vehicle entered the east side of the property. A gun battle believed to have been initiated by automatic gunfire broke out. Shots were fired by at least Troopers John Hamilton and Rick Manion, and Mr. Barrett. The gunfire lasted an estimated ten to thirty seconds and ended in the death of Trooper Eales, non-life-threatening gunshot wounds to Trooper Buddy Hamilton's face and three gunshot wounds to Mr. Barrett's legs and hip. No drugs or drug lab were found on Mr. Barrett's property. Mr. Barrett was searched twice while in the custody of the OHP troopers and but for a handgun in his waistband, no contraband was discovered.

Mr. Barrett was first charged and tried for capital murder in the Oklahoma state courts. The state refused to identify the confidential informant. Mr. Barrett's juries were instructed on both self-defense and the lesser included offense of voluntary manslaughter. The first state trial ended in a hung jury. The second state trial resulted in a verdict of first degree manslaughter and aggravated assault, for which Mr. Barrett was sentenced by the jury to twenty and ten years, respectively.

Days before the statute of limitations ran on the drug trafficking charges, Mr. Barrett was charged by federal indictment with three counts of capital murder. CR 115, Doc 9.

In federal court, Mr. Barrett, represented by his state court counsel, John Echols, once again moved for disclosure of the informant relied upon to secure the search warrant. The government opposed the request and the district court denied the motion. Five years after the fact and two trials later, after *voir dire* in the federal trial began, the government

19

advised the defense that the informant relied upon in the issuance of the search warrant was the declarant of Exhibit A.

The informant testified against Mr. Barrett, claiming to have been at his residence a "couple of days" before the issuance of the search warrant and to have observed a drug transaction. The informant testified he did not know that he was the informant on the search warrant at the time it was procured by Clint Johnson, but learned of this later. Cr 115 Doc 340, vol. 12, p. 2596. On cross examination, contrary to the assertions in the search warrant affidavit, the informant testified that when he went out to Mr. Barrett's house shortly before the raid, he saw guns but did not do or see any drugs other than a joint that he, his nephew and Mr. Barrett smoked, and that he reported the same to Johnson. See CR 115 Doc340, vol. 12, p. 2623. After a break called by the AUSA Littlefield, *Id.* at 2631, the informant stated throughout his re-direct that he was uncertain of the times he had been to Mr. Barrett's and that he had observed drug activity. *See* CR 115 Doc 340, vol. 12, p. 2633. 2637. The informant admitted that Littlefield had talked with him during the break about the dates he was at Mr. Barrett's. *Id.* at p. 2640-41. He testified, however, that they did not discuss the nature of his testimony.

Though six other drug informant witnesses testified against Mr. Barrett, none of them testified to having observed any drug activity by him in the days immediately preceding the issuance of the warrant. *See generally,* CR 115 Doc 324, Testimony of Randy Turman, vol. 2, pp. 363-392; Doc 325, Testimony of Travis Crawford, vol. 3, pp. 450-488; Doc 336, Testimony of Randall Weaver, vol. 8, pp. 1834-1850; Doc 341,

Testimony of Cindy Crawford, vol. 13, pp. 3058-3079; Doc 341, Testimony of Karen Real, vol. 13, pp. 3079 through Doc 342, vol. 14, p. 3136, and; Doc 343, Testimony of Brandie Price, vol. 15, pp. 3485-3511.

Though Mr. Barrett continued in his steadfast claim of self-defense, trial counsel did not ask for and thus did not get a self-defense instruction. A jointly requested manslaughter instruction was denied. Mr. Barrett was convicted on all three counts. They were his first felony convictions. He was sentenced to death on Count 3, and life without possibility of release on Counts 1 and 2. This Court affirmed the convictions and sentences on direct appeal. *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007).

In his 28 U.S.C. § 2255 Motion, Mr. Barrett alleged the government had in part violated his rights to Due Process under *Brady v. Maryland,* 373 U.S. 83 (1963) and *Napue v. Illinois,* 360 U.S. 265 (1959) by its late disclosure and non-disclosure of impeachment evidence related to all of the drug informant witnesses. CV 105 Doc 95, pp. 270-296. Mr. Barrett also alleged misconduct in the government's failure to disclose material impeachment evidence regarding the credibility of Clint Johnson and intimidation of witnesses by AUSA Michael Littlefield. *Id.,* at pp. 297-303.

Mr. Barrett was denied an evidentiary hearing. The district court denied relief on the *Brady/Napue* claims. No COA was granted on the claims by the district court or this Court.

21

While his appeal has been pending, Mr. Barrett has discovered credible and admissible evidence that the informant lied in his trial testimony. Contrary to his testimony and the testimony of Clint Johnson, the informant, Charles "Monk" Sanders had not been at the Barrett residence in the two to three weeks preceding the issuance of the search warrant – and certainly not within 72 hours before the search warrant's issuance – as sworn to by TFO Johnson. Evidence proffered here shows Sanders did not tell Clint Johnson or any law enforcement officer that he had been at Mr. Barrett's residence within 72 hours of the issuance of the warrant. The informant testified falsely against Mr. Barrett because AUSA Littlefield made promises to and threats against him and family. *Id.* at 2. During the informant's trial testimony, Littlefield told the Sanders that he had to change his testimony, and he did so at the prosecutor's urging. *Id.* at 3. Newly discovered information shows that Littlefield engaged in the same bullying and intimidating tactics with other witnesses and worked closely with DTF Johnson, knowing full well the dishonesty and legally questionable tactics employed by him.

While his appeal was pending, Mr. Barrett also acquired declarations from retired state judges that the informant was not a credible person. Had the judge known the informant was the confidential informant on the search warrant application, it would have caused them concern. One of the state judges also knew that Clint Johnson had a reputation for questionable ethics and was not credible.

Other law enforcement officials have averred or told Mr. Barrett's investigator that at the time the search warrant was sought and secured, Clint Johnson was not a truthful person. Johnson was reputed to have engaged in illegal activities as well as failing to follow appropriate police practices in handling drug informants.

The newly acquired evidence of the informant's and TFO Johnson's perjury, and Johnson's known bad acts and poor reputation for truth and veracity, never disclosed by the prosecution, makes clear the government engaged in egregious prosecutorial misconduct to Mr. Barrett's prejudice.

## III. LEGAL STANDARDS

Mr. Barrett's Motion For Authority To File A Successive Motion In The District Court Under § 2255 Should Be Granted Because His Petition Depends Newly Discovered Evidence Of Egregious Governmental Misconduct

### A. Mr. Barrett can make a sufficient showing of possible merit to warrant fuller exploration by the district court.

The gatekeeping Antiterrorism and Effective Death Penalty Act, as set forth in § 2255(h)(2), allows a prisoner to apply for leave to file a successive § 2255 motion based on "." 28 U.S.C. § 2255(h)(1). To qualify for permission to file a successive petition, a petitioner must "present newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonably factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1); see also, *Id.* §2244(b)(3)(c). *United*

*States v. Williams*, 790 F.3d 1059, 1077 (10th Cir. 2015).

Mr. Barrett has made a prima facie showing of newly discovered evidence under 28 U.S.C. § 2255(h)(1) in his attached Defendant/Movant's Section 2255 Motion to Vacate. *See Case v. Hatch*, 731 F.3d 1015, 1028-29 (10th Cir. 2013) (prima facie showing constitutes a simple showing of possible merit to warrant fuller exploration by district court). The Court specifically cites the "prima facie" showing required, observing that:

> In deciding whether the evidence as a whole supports Mr. Williams's factual innocence claim, we 'must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial."

*United States v. (Jeffrey Dan) Williams,* 790 F.3d at 1077, citing, *House v. Bell,* 547 U.S. 518, 538 (2006) (internal quotation marks omitted); *United States v. McDonald*, 641 F. 3d 596, 612-13 (4th Cir. 2011).

The Fourth Circuit Court of Appeals has similarly addressed the question and held that a "prima facie showing" means "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *United States v. Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (citation omitted).

> By "prima facie showing" we understand ... simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.... If in light of the documents submitted with the [PFA motion] it appears reasonably likely that the [motion] satisfies the stringent requirements for the filing of a second or successive petition, we shall grant the [motion].

> *Bennett v. United States,* 119 F.3d 468, 469–70 (7th Cir.1997); *see Bell,* 296 F.3d at 128; *Reyes–Requena v. United States,* 243 F.3d 893, 899 (5th Cir.2001); *Thompson v. Calderon,* 151 F.3d 918, 925 (9th Cir.1998) (en banc); *Rodriguez,* 139 F.3d at 273.

*In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003)

To be clear, the "showing of possible merit" does not refer to the merits of the claims asserted in the petition. Rather, this standard only "relates to the possibility" that the gatekeeping "requirements for the filing of a second or successive petition" under § 2255(h)(1) will be satisfied. In other words, an applicant need only make a prima facie showing that the § 2255(h)(1) standard is met – not a prima facie showing that his claim has merit. While this determination "may entail a cursory glance at the merits . . . the focus of the inquiry must always remain on the [§ 2255(h)(1)] standards." *Williams*, 330 F.3d at 282. As further detailed below, Mr. Barrett easily satisfies the gatekeeping requirements of § 2255(h)(1).

### 1. The Evidence as a Whole.

Mr. Barrett files herewith his proposed and Second Motion to Vacate, Set Aside or Correct Convictions and Sentences in which he sets out in great detail supported by documentary and sworn testimonial support showing that he has newly discovered evidence of prosecutorial misconduct, a constitutionally intolerable violation of the fifth amendment's guarantee of due process as will be proven in an evidentiary hearing and viewed in light of the evidence as a whole, and will be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Mr. Barrett guilty

of the offense(s)" under  28 U.S.C. § 2255(h)(1).

For purposes of this Motion, Mr. Barrett incorporates by reference all of the factual assertions regarding his claim and the declarations and evidence supporting that Motion.

Mr. Barrett has been diligent and timely in the discovery of the egregious prosecutorial misconduct.   The threats and intimidation of the witnesses were required to have been disclosed by the prosecution.  They were not.  The subordination of perjury of government witnesses Sanders, Johnson, and as previously alleged Travis Crawford (Doc 95, Exhibit 45) and Randy Turman (Doc 95 at 115-120)  were required to have been disclosed to the court and defense.  They were not.  The discovery of the significant and substantial evidence of the unethical and illegal intimidation of witnesses by the Assistant United States Attorney in Mr. Barrett's criminal prosecution, despite denials by the Office of the United States Attorney throughout the initial Section 2255 proceedings, was timely. Under any circumstances, the conviction and sentence of death imposed here is the result of a manifest injustice and the ends of justice require this Court to permit the claims to be reviewed by the district court. *See Sanders v. United States,* 373 U.S. 1, 18 (1963).  Petitioner's claims raise significant allegations of a total collapse of the adversary system, denial of a fair trial and the probability that Petitioner is actually innocent of the offenses charged

The discovery of the same before an innocent person is executed as a result of an

overzealous and unethical prosecution is the only required timeliness under the circumstances.  It is the prosecution, not Mr. Barrett, who bears the blame and responsibility for the late discovery and necessity of filing this successive 2255 Motion to Vacate.

The newly discovered evidence, viewed in light of the whole record, establishes Mr. Barrett's innocence. The sworn declarations referenced above lay out the factual allegations of additional and egregious prosecutorial misconduct and are filed herewith. The government did not disclose that its informant and Johnson were testifying falsely at trial. The government has at no time since, despite repeated requests, disclosed that prosecutor Littlefield knowingly suborned perjury and made promises and threats to secure the informant's testimony.   Nor has the government disclosed the ill-repute that both DTF Agents Lloyd and Johnson were held at the relevant critical times. Mr. Barrett has at all times been diligent in his pursuit of the evidence to support his claim of egregious prosecutorial misconduct.

Had the jury been aware of the evidence now proffered, no rational juror would have voted to convict Mr. Barrett.

In the proposed Motion to Vacate, Mr. Barrett  has made a "prima facie showing," 28 U.S.C. § 2244(b)(3)(C), and his application satisfies § 2255(h)(1) because he has made a "sufficient showing of possible merit to warrant a fuller exploration by the district court."

As required, in addition to the proposed Second 2255 § Motion to Vacate

(Appendix 1), attached to this Motion and filed in support hereof are the following:

Appendix 2 - Judgment and Commitment December 29, 2005

Appendix 3 - *Barrett v. United States,* 496 F.3d 1079 (10th Cir. 2007)

Appendix 4 - *United States v. Barrett,* 09-CV-105-JHP. Doc 95.

Appendix 5 - District Court Denial of 2255 Motion. (2012 08 16)

Appendix 6 - *United States v. Barrett,* 797 F.3d 1207 (10th Cir. 2015).

**WHEREFORE**, Mr. Barrett respectfully requests that his motion be granted and that he be allowed forthwith to present the attached 28 U.S.C. § 2255 motion before the district court.

Respectfully submitted this 11th day of May, 2016.

**DAVID B. AUTRY**, OBA No.11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: (405) 521-9600


**HEATHER E. WILLIAMS**, CA Bar No. 122664
Federal Defender

**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814EEI
Telephone: (916) 498-5700
Joan_Fisher@fd.org

Attorneys for Petitioner,
KENNETH EUGENE BARRETT

28

# CERTIFICATE OF DIGITAL SUBMISSION

I certify that all required privacy redactions have been made and, with the exception of those redactions, every document submitted in digital form or scanned PDF format is an exact copy of the written document filed with the Clerk. I further certify that the ECF submission was scanned for viruses using Systematic Endpoint Protection, updated, May 11, 2016, and according to the program is free of viruses.

Dated: <u>May 11, 2016</u>

<div style="margin-left: 40%;">

<u>/s/Joan M. Fisher</u> Joan
M. Fisher, ISB No. 2854
Assistant Federal Defender
Office of the Federal Defender
801 I Street, Third Floor
Sacramento, CA 95814

</div>

## <u>CERTIFICATE OF ELECTRONIC FILING AND SERVICE</u>

This is to certify that on this 11th day of May, 2016, I caused the foregoing:

**MOTION FOR PRE-FILING AUTHORITY UNDER 28 U.S.C. 2255(h)(1)**

to be filed with the Clerk of the Court of Appeals using the ECF System for filing

and with service to be made electronically on the following ECF registrants:

> Jeffrey B. Kahan
> United States Department of Justice
> jeffrey.kahan@usdoj.gov,
>
> Christopher J. Wilson
> Assistant United States Attorney
> chris.wilson@usdoj.gov
>
> Linda Epperley
> Assistant United States Attorney
> linda.epperley@usdoj.gov
> United States Department of Justice Eastern
> District of Oklahoma

To the undersigned's knowledge, there are no non-ECF registrants who are

counsel in this case.

Dated:  <u>May 11,  2016</u>

<div align="right">

<i>/s/Joan M. Fisher</i>
Joan M. Fisher, ISB No. 2854
Assistant Federal Defender
Office of the Federal Defender
801 I Street, Third Floor
Sacramento, CA 95814

</div>

<u>**VERIFICATION BY COUNSEL**</u>

I am an attorney licensed to practice law by the State of Idaho**,** and I am a member in good standing of the bar of the United States District Court for the Eastern District of Oklahoma. I am an Assistant Federal Defender in the Office of the Federal Defender for the Eastern District of California. In 2008, the Federal Defender's Office was appointed post-conviction counsel for Kenneth Eugene Barrett with David B. Autry as lead counsel.  I was assigned to represent Mr. Barrett in May, 2009.

I am authorized by Kenneth Eugene Barrett to file the foregoing amended motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. I am filing the amended motion on Mr. Barrett's behalf. Mr. Barrett is confined and restrained of his liberty at the United States Penitentiary at Terre Haute, Indiana. I declare that the contents of the foregoing second § 2255 Motion to Vacate, Set Aside or Correct Convictions and Sentences is made pursuant to 28 U.S.C. § 2255 (h)(2) and is conditionally filed herein pending authority to file from the Tenth Circuit Court of Appeals.

I declare that the contents of the foregoing motion are true except for those matters based upon information and belief, and I believe the latter matters to be true. The sources of my information include, but are not limited to, official court records, various documents obtained or prepared during investigation of this motion, and

items in the possession of other lawyers, investigators and/or experts connected with

the preparation of this amended motion. I make this verification pursuant to Rule

2(b)(5) of the Rules Governing § 2255 Proceedings because these matters are more

within my knowledge than Mr. Barrett's knowledge.

I have met with and discussed the contents herein with Mr. Barrett and he has

authorized me to file the same on his behalf.  An Authorization to that effect

executed by Mr. Barrett is filed herewith.


Dated:   May 11,  2016

*/s/Joan M. Fisher*
Joan M. Fisher, ISB No. 2854
Assistant Federal Defender
Office of the Federal Defender
801 I Street, Third Floor
Sacramento, CA 95814