# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,    )
    )
       *Movant,*    )
    )
v.    )
    )
UNITED STATES OF AMERICA,    )
    )
       *Respondent.*  )

---

## EXHIBIT 40

---

**Attachment D** - 1st State Testimony of
Iris Dalley, Vol. 18, pgs. 3172 - 3173.

FDO Added Page #3172

Volume XVIII, 10/10/2002          Page ____          Iris Dalley

A    Slightly open.

Q    All referring to the passenger door, correct?

A    Yes.

Q    When you did your computer depiction and your analysis of those trajectories, would you agree with me that the door is not slightly open, that the door is open large enough or far enough for a good sized man wearing two kevlar vests, a turtle shell armor, might or might have a load bearing vest, kevlar helmet and a ballistic shield in front of him?  When you depict him going out that door, would you say that door is slightly open or more than slightly open?

A    It was less than full open.  Possibly half open. Possibly not that far.  It varied.

Q    In your depiction, you show a man -- you say a man of Mr. Eales size.  He was a fairly good sized man.  Not by maybe pro football standards, but by normal standards he was a pretty good sized fellow, wasn't he?  A couple hundred pounds?

A    He's maybe average to a lot of men that I work with.  I wouldn't know how to really characterize that.

Q    He's wearing two ballistic vest?

A    Yes.

Q    At least one of them has a steel plate in it?

A    Yes.

Q    He's wearing this turtle shell armor that you didn't depict in there, but we agree he was wearing this hard

_____

Volume XVIII, 10/10/2002            Page ____            Iris Dalley

(inaudible) front and back?

A    Yes.

Q    I think you depicted him wearing a ballistic vest and there was some testimony that that vest might have belonged to Mr. Hise.  I said ballistics vest.  Load bearing vest. Counsel corrects me.  I called it a ballistic vest which implies it's a bulletproof vest, but it's really one of these vests that has a lot of pockets and you can hang things on, carry a lot of weight on it.

THE COURT:  With that thought, I'm getting vibes from the box here.  We need to take our morning break.  We will do so.  Let's take about a ten minute recess.  Same admonition.  Everyone else remain seated until the jury is excused.

(BRIEF RECESS)

THE COURT:  Let the record reflect that all parties are present.  The jury is in the box.

MR. ECHOLS:  Your Honor, may I state for the record while we're waiting for Mr. Barrett's arrival that Defendant's Exhibit 27 which had the extraneous material on it, Mr. Dowty and I by agreement have redacted the extraneous material and we're prepared -- we would ask the Court permission to withdraw it for that purpose and resubmit Defendant's Exhibit 27.

THE COURT:  Will be admitted.

_____

Volume XVIII, 10/10/2002          Page ____          Iris Dalley

and the wall.  No blood spatters on the chair.  Then that might lead you to be able to conclude that those blood spatters you collected from that wall are not relevant to this case.  That would be a useful conclusion if it could be reached, would it not?

A     Well, the fact that -- if the chair were there and did not have blood stains on it doesn't mean that this blood was are was not deposited during this incident.  There's blood on the wall.

Q     Wouldn't have any effect.  Let me ask you a couple of other things.  With respect to this hard ballistic vest that's been called a turtle shell, you said you noticed a couple of swipes or tears on the exterior?

A     It had both.

Q     Did you undertake any chemical or other residual analysis of that to determine whether those swipes or tears might be related to bullet trajectories?

A     No.

Q     Tell me, please, what effort you undertook to measure the height of this porch and the height of the Bronco FAL 803 relative to the height of the porch.

A     I did not measure those.

Q     Did you receive any information that somebody was claiming this Bronco might have rolled backwards from the porch?

_____