**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

KENNETH E. BARRETT,              )
                                 )
                  Plaintiff,     )
                                 )
          v.                     )          No. CIV-05-329-S
                                 )
JOHNNY PHILPOT, Sheriff of       )
Sequoyah County, Oklahoma, et.   )
al.,                             )
                                 )
                  Defendant.     )

**<u>ORDER</u>**

Before the court for its consideration is the defendant John Buddy Hamilton's Motion To Dismiss.

Plaintiff, a former inmate of the Sequoyah County Jail who is currently housed in the United States Penitentiary/Special Confinement in Terre Haute, Indiana, appearing *pro se*, has filed with this court a civil rights complaint pursuant to 42 U.S.C. Sec. 1983.

Plaintiff first filed his civil rights complaint on August 9, 2005.  Defendant Hamilton was not named in this complaint. Plaintiff then filed an amended civil rights complaint on October 20, 2005.  Defendant Hamilton was not named in this complaint either. On September 11, 2006, plaintiff filed his second amended civil rights complaint.  It was in this complaint the allegations against John Buddy Hamilton were made. Plaintiff alleges that defendant Hamilton violated plaintiff's civil rights by the use of excessive force during the arrest of plaintiff after plaintiff had shot and killed Oklahoma Highway Patrol trooper Rocky Eales

1

during the service of a search warrant at Barrett's home on September 24, 1999.  Plaintiff also alleges defendant Hamilton and others violated his civil rights by the use of excessive force while at St. Francis Hospital in Tulsa, Oklahoma.  This action is also alleged to have occurred on September 24, 1999.

Defendant has filed this motion arguing the statute of limitations bars the claim against him.  Plaintiff filed a response arguing that because he was denied access to legal materials and mistakenly believed that by naming the Sequoyah County Sheriff he was naming all law enforcement which allegedly participated in his civil rights violations equitable tolling should apply.  Finally, he argues his claim against defendant Hamilton relates back to his original complaint.

Oklahoma law is applicable to the statute of limitations issue in this case because Congress has not enacted a statute of limitations expressly applicable to 42 U.S.C. Sec. 1983 claims.  Board of Regents v. Tomanio, 446 U.S. 478, 484 (1980).   As a result, the courts adopt the most analogous limitations periods provided by law.  Id. at 484-487.  The United States Court of Appeals for the Tenth Circuit held that all section 42 U.S.C. Sec. 1983 claims are characterized as actions for personal injury.  Accordingly, Oklahoma's statute of limitations applicable to personal injury actions is applicable to the instant lawsuit.  In Oklahoma, pursuant to 12 O.S.A. Sec. 95 the statue of limitations for a civil rights action brought under 42 U.S.C. Sec. 1983 is two years.  In plaintiff's second amended complaint as well as in his response to the motion to dismiss plaintiff argues that defendant Hamilton's actions violated his civil rights in 1999.  Plaintiff appears to concede this point in his response brief.  Plaintiff's second amended complaint naming

2

Hamilton was filed on September 11, 2006.  Thus, it appears this action against defendant Hamilton is barred unless one of the following enumerated exceptions apply.

In general, Oklahoma permits tolling of a statute of limitations in two circumstances.  First, the existence of a "legal disability" provides proper grounds for equitable tolling.  Oklahoma courts have applied this provision only for plaintiffs whose competency is impaired or who have not reached the age of majority.  <u>Lovelace v. Keohane</u>, 831 P.2d 624, 629 (Okla. 1992).  Plaintiff neither asserts nor establishes facts that fall under this provision.  Second, the Oklahoma discovery rule tolls the statute of limitations "until an injured party knows of, or in the exercise of reasonable diligence, should have known of or discovered the injury and resulting cause of action."  <u>Alexander v. Oklahoma</u>, 382 F.3d 1206, 1217 (10th Cir. 2004). (internal citations omitted)  In the case at bar, plaintiff knew at the time of the alleged abuse that his civil rights were violated.  However, he claims he did not necessarily know the names of the individuals involved.  He claims that he was not allowed to do legal research or discovery to determine his claims.  This argument is problematic because he fails to inform the court if he tried to do anything to discover the players in his alleged civil rights violations.  A plaintiff must use reasonable diligence in seeking to discover facts giving rise to his claim.  <u>Alexander</u> at 1216.  Defendant did not do anything to intentional cause the plaintiff to be misled regarding the statute of limitations.  Thus, plaintiff has failed to establish grounds for this exclusion.

Finally, the court may toll a statute of limitations in the most exceptional circumstances. Plaintiff alleges his lack of

legal knowledge and his inability to access legal materials are such circumstances.  This court disagrees.  First, plaintiff has not established that he was denied access to the law library.  In fact, he claims that he was given access to a law library but he had to know the cite of the cases he needed.  Plaintiff lack of legal knowledge standing by itself is also not grounds for equitable tolling.  See <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se prisoner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.")  Further, plaintiff has failed to establish that it was his lack of legal knowledge which caused an untimely petition to be filed.  The court simply does not find these are the type of extraordinary circumstances needed to toll a statute of limitations.

Next, the plaintiff argues that his Second Amended Complaint should relate back to his First Amended Complaint and thus be saved from dismissal.  Federal Rule of Civil Procedure 15 (c)(2) provides:

> Relation Back of Amendments... the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4 (m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In the second amended complaint, plaintiff is attempting to add a party. Correction or misnomers are permitted under the rule, but an addition of a new party that had no notice of the lawsuit is not allowed by the rule.  <u>Graves v. General Insurance Corporation</u>, 412 F.2d 583, 584-585 (10th Cir. 1969).  There was

4

no misidentification of a party, plaintiff simply did not name defendant Hamilton in the first two complaints.  Further, to relate back to a named defendant there must be some identity of interest so that it can be assumed that relation back will not prejudice the new defendants. Id. In the case at bar, there is no identity of interest.  The original defendant was the Sequoyah County Sheriff.  Defendant Hamilton is an Oklahoma Highway Patrol.  No one from this entity was sued in the original complaint.  Plaintiff simply attempted to add an additional defendant outside of the limitations period.  This is not permissible.  Accordingly, defendant Hamilton's motion to dismiss is hereby **GRANTED** because the action against him is barred by the statute of limitations.

**IT IS SO ORDERED** this 11th day of May, 2007.

Frank H. Seay
United States District Judge