No. 16-7035

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**IN RE KENNETH EUGENE BARRETT,**
**Movant.**

**MOVANT'S REPLY TO RESPONSE IN OPPOSITION TO
MOTION FOR PRE-FILING AUTHORITY UNDER 28 U.S.C. 2255(h) (1)**

**DAVID B. AUTRY**, OBA No.11600
Attorney at Law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: (405) 521-9600
dbautry77@gmail.com

**HEATHER E. WILLIAMS**, CA Bar No. 122664
Federal Defender
Eastern District of California
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700
Joan_Fisher@fd.org

Attorneys for Movant,
KENNETH EUGENE BARRETT

Pursuant Federal Rule of Appellate Procedure 27, Mr. Barrett, through counsel, files his Reply to the government's Response in Opposition to Movant's Motion to File a Successive § 2255 Motion, Doc. No. 01019646294 ["BIO"].

## Introduction

The government gets two things wrong: the law and the facts. On the law, the government conflates the 2-step gate-keeping procedure outlined by this Court in *Case v. Hatch,* 731 F. 3d 1015, 1029 (10th Cir. 2013), into a single step that it asks this Court to perform. Additionally, the government unwarrantedly attempts to limit the evidence considered. A § 2255(h) review requires analysis of the entire record, including the trial, evidence proffered since the trial and newly discovered evidence, whether rooted in constitutional error or not. 28 U.S.C. § 2255(h) (1); *Case, supra,* at 1034-35.

On the facts, the prosecution continues to mislead the Court. It fails to address much of the newly discovered evidence or relevant evidence at trial and the original § 2255 Motion. Nonetheless, the facts the government does not dispute belie the validity of Mr. Barrett's convictions and sentences.

## A. THE GOVERNMENT MISAPPLIES THE LAW.

### 1. The Court's Gatekeeping Role is Preliminary Only.

At this stage, this Court is required only to make a preliminary determination as to whether Movant has laid out a prima facie case entitling him to file a

1

successive § 2255.  Following that, it is at the "district court level where a record is made and a final assessment occurs."  *Case,* 731 F.3d at 1029.  At this preliminary stage, the prima facie case requirement under § 2255(h) (1) requires a showing only of "possible merit to warrant fuller exploration by the district court."  *Id.* at 1028.  The government demands much more.

**2.  The government fails to address the evidence as a whole.**

The government does not address the evidence as a whole in light of the newly discovered evidence.  *Case,* 731 F. 3d at 1031.  It limits its discussion to the prior findings skewed by perjured and distorted facts.  Its discussion of the newly discovered evidence is *de minimus*.  It attempts to sever the overarching, bone-chilling claim of miscarriage of justice and governmental misconduct into separate claims.  While separately compelling, when viewed as a single claim, the government must be ashamed.

Assuming that this Court finds, as it must, that Mr. Barrett has made a prima facie case under § 2255(h), the district court then decides "whether the evidence as a whole" supports Mr. [Barrett]'s factual innocence claim.  The court

> . . . "must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell,* 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L.Ed.2d 1 (2006) (internal quotation marks omitted); *United States v. MacDonald,* 641 F.3d 596, 612–13 (4th Cir.2011) (adopting the *House* rule for the factual innocence determination § 2255(h) (1) requires)."

*United States v. Williams*, 790 F.3d 1059, 1077 (10th Cir. 2015).  The evidence

that the government complains is recycled, BIO at 6, must be considered anew in

its fresh context.  That evidence includes the state trial transcripts, the OSBI

investigative files, the few handwritten officers' statements that were not

destroyed, and the declarations submitted in the original § 2255 proceedings.  It

also includes the declarations filed with the proposed § 2255 Motion that show that

Mr. Barrett's convictions and sentences rest upon  suborned perjury, lies and the

alteration, destruction and manufacture of evidence.

## B.  THE GOVERNMENT MISCONSTRUES THE FACTS.

Like the Wizard of Oz, the government insists there is nothing behind the

curtain; it's a simple case -- no need to look further.  It cherry-picks isolated facts

and unreasonably urges this Court to accept the findings made by the Court

previously notwithstanding the undisputed evidence of perjury, subornation of

perjury, intimidation of witnesses and long-standing police misconduct.

### 1.  Mr. Barrett has made a prima facie showing.

The heart of the claim presented here is the declaration of the confidential

informant, Charles Sanders, now drug free, swearing under oath that he lied at trial

on every material fact necessary for Mr. Barrett's conviction, including the validity

of the search warrant, the allegations of drug trafficking, notice of the outstanding

arrest warrant, and threats of violence against law enforcement.  Case No. 16-7035

Doc. 01019619103.  Surely, this declaration alone meets the threshold requirement to satisfy this Court's preliminary review.  Mr. Sanders asserts that he lied under oath as a result of undisclosed promises made by his drug task force handler Clint Johnson, and undisclosed promises and intimidation by prosecutor Michael Littlefield, along with threats made by Mr. Littlefield to Mr. Sanders regarding his mother.  That newly discovered evidence *by itself* satisfies the prima facie requirement necessary to this Court's preliminary review, and if true, will require that Mr. Barrett's convictions and sentences be vacated.  Sanders' evidence goes directly to the constitutional claim raised in Mr. Barrett's successor § 2255 in violation of *Napue v. Illinois*, 360 U.S. 264, 272 (1959) and *Giglio v. United States*, 405 U.S. 150, 154 (1972).  *See also, Brady v. Maryland,* 373 U.S. 83, 87 (1963).

The government does not deny Sanders' allegations, but asserts that Mr. Barrett cannot rely on Sanders because Sanders is a liar.  BIO at 8.  It is true Mr. Barrett has repeatedly called Mr. Sanders a liar, an allegation the government admits but claims good faith by Johnson to save the search warrant.  Doc. 174, at 52, 55.  The government then denies Sanders is a liar but has a faulty recollection.  Doc. 174 at 54.  In addition, the government urges this Court to reject the evidence on its face because Sanders is a liar and recantations are by their nature suspect.  BIO at 8. The government's reliance on *United States v. Ramsey,* 726 F. 2d 601,

605 (10th Cir. 1984) is particularly curious. In *Ramsey*, this Court made clear that "if the jury heard and believed [the recanting witness's] new version of the events at a new trial, the result would almost surely be an acquittal." *Id.* at 605. The question of whether a new trial should be ordered rested on the credibility of the witness's recantation. *Id. Ramsey* makes clear that the question of credibility is a matter for the trial court, not the appellate court. *Id.* Here, too, the district court is the forum in which Mr. Sanders' credibility must be judged at a hearing. Mr. Barrett asks no more and is entitled to no less.

Recantation of a material witness is sufficient by itself to authorize the filing of a successor. *See Case,* 731 F. 3d at 1019 (authorizing the filing of a successor habeas petition claiming "constitutional error occurred based on the discovery of new and previously undisclosed evidence involving a trial witness, and the recantation of trial testimony by two prosecution witnesses"). In law and equity, Mr. Barrett is entitled to the same consideration.

Here, there is significantly more newly discovered evidence than the Sanders admission to perjury and the *Brady*, *Giglio* and *Napue* errors. Mr. Barrett submits sworn declarations of four currently active law enforcement officials, three retired law enforcement officers, a former prosecutor, a former Oklahoma Highway Patrol Internal Affairs Investigator, three former state court judges, the daughter of former AUSA Littlefield, a former FBI Special Agent, a second state trial juror,

former state trial counsel, a state court clerk and four defense investigators. No. 16-7035 Doc. 01019619073 (and exhibits thereto). The affiants support and corroborate claims of the evolving and virtually unchallenged testimony of law enforcement that became more favorable to the prosecution from trial to trial, the well-known bad reputations for honesty, and specific acts of dishonesty of key state players who secured the invalid arrest and search warrants, and the disconcerting relationship between the federal prosecutor and state law enforcement. Clearly, Mr. Sanders' declaration read separately and in the context of the government's other bad acts satisfies § 2255.

### 2. Mr. Barrett was diligent in bringing the claim.

The government claims the Sanders statement "betrays Mr. Barrett's lack of diligence." BIO at 8. Sanders unequivocally states that "[w]hen Leonard Post, an investigator for Kenny Barrett's lawyer, attempted to interview me several years ago, *I refused to talk to him except to tell him to leave*." Doc. 01019619103, ¶ 6 (emphasis added). There is nothing to suggest that prior to May 2016 that Mr. Sanders knew that Littlefield was no longer an AUSA. Mr. Barrett's investigator attempted to interview Mr. Sanders in a timely manner prior to the original § 2255 filing and was turned away. The government does not even bother to address the elephant in the room, the overarching constitutional concern, that the prosecutor forced Mr. Sanders to perjure himself. The government failed in its constitutional

and ethical responsibilities to disclose the perjury or the promises and threats made to secure the perjury. *Banks v. Dretke,* 540 U.S. 668, 675-76 (2004) ("When police or prosecutors conceal significant exculpatory or impeaching material in the State's possession, it is ordinarily incumbent on the State to set the record straight."); *Douglas v. Workman,* 560 F.3d 1156, 1173 (10th Cir. 2009) (observing the prosecutorial obligation to turn over material exculpatory or impeachment evidence "continues throughout the judicial process.") The government cannot be heard to argue lack of due diligence. *See Case,* 731 F. 3d at 1031.

### 3. The Government's facts are wrong.

Even the "selective" facts advanced by the government are rife with error and skewed toward an end devoid of justice. It is impossible in such brief pleading to rebut all the false and misleading statements urged on this Court in the BIO. A few examples of how the government continues to mislead this Court follow.

**Travis Crawford.** The government relies on Travis Crawford for material elements. BIO at 2. Travis Crawford recanted his testimony and swore, as Mr. Sanders did, that Mr. Littlefield threatened and intimidated him into making false statements against Mr. Barrett.
No. 09-cv-105-JHP, Doc. 95, pp. 64 -80; Exhs. 45, p. 2.

**Emergency lighting.** The government ignores the significant evidence disproving active emergency lights at the time of the shooting. *See* BIO at 2, 6. IA

investigator Gordon concluded "none of the vehicles which approached the residence were driving with their emergency lights activated" but "rolled in dark." Doc. 199-1, p. 12 ¶25. *See e.g.,* OSBI Rosser report, p. 54 (Hash), pp 56-57 (Hise) (no mention of any emergency lights); Doc. 199-12 at 1 (McBride) (activated as firing began).

**Bullet Count.** Mr. Barrett could not have continuously fired on the vehicles as they came across his property. *See* BIO at 2. There were nineteen rounds missing from Mr. Barrett's clip. Sixteen casings were found well inside the premises, in a place from where Mr. Barrett could not have shot at the approaching vehicles. Two unexpended bullets were also found, leaving one bullet unaccounted for. The single unaccounted for cartridge is not evidence that Mr. Barrett shot even once at the approaching vehicles. Cr-115, v. 9, pp. 2013-16. A cartridge casing could have been dragged out when Mr. Barrett was dragged from the cabin. Cr -115 v. 16, pp. 3813-19. A simple bullet count shows the factual error here.

**Good Faith.** The government is not entitled to the "good faith" exception of *United States v. Leon*, 468 U.S. 897 (1984). *See* BIO at 7. The links between Johnson and Lloyd and the Tac Team, including Task Force member and DEA liaison Danny Oliver, evidence actual or constructive knowledge of the corruption

and recklessness of the Task Force Agents.  Cr-115, v. 5, p. 1147.[1]  The illicit

execution of an invalid warrant here was not in "good faith."  468 U.S. at 922 n.24.

The newly discovered evidence is formidable evidence of misconduct. It

includes perjury, subornation of perjury and witness intimidation.  Mr. Barrett was

diligent.  When viewed in light of the evidence as a whole, it clearly and

convincingly demonstrates that no reasonable factfinder knowing it would have

found Mr. Barrett guilty.

## CONCLUSION

Mr. Barrett's Motion for Authorization to File a Second or Successive § 2255

Motion to Vacate should be granted.

DATED this 5th day of July, 2016.


/s/ *David Autry*
DAVID AUTRY, OBA #11600

/s/ *Joan M. Fisher*
JOAN M. FISHER, ID Bar #2854

Attorneys for Petitioner Kenneth Eugene Barrett

---

[1] Danny Oliver was a retired trooper and trainer for the Tac Team and 15 year member of the East Tac Team.  He was the person to whom Johnson and Lloyd turned to secure the services of the OHP and it was he who promised federal action when the state courts failed to deliver a murder conviction. No. 16-7035, Doc. No. 01019619097, p. 3 ¶ 4.

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

This is to certify that on July 5, 2016, I caused the foregoing instrument to be filed with the Clerk of Court using the ECF System for filing, with electronic service to be made via CM/ECF to the following counsel of record for the Plaintiff:

Mr. Jeffrey B. Kahan at jeffrey_kahan@usdoj.gov

Mr. Christopher J. Wilson at Chris.Wilson@usdoj.gov

/s/ Joan M. Fisher
JOAN M. FISHER


## CERTIFICATE OF DIGITAL SUBMISSION AND REDACTION

I certify that all required privacy redactions have been made and, with the exception of those redactions, every document submitted in digital form or scanned PDF format is an exact copy of the written document filed with the Clerk. I further certify that the ECF submission was scanned for viruses using Systematic Endpoint Protection, updated, July 5, 2016, and according to the program is free of viruses.

Dated:  July 5,  2016

/s/Joan M. Fisher
Joan M. Fisher, ISB No. 2854
Assistant Federal Defender
Office of the Federal Defender
801 I Street, Third Floor
Sacramento, CA 95814